SANDERS v. FAILING *et al.*, appellants.

*Cross-actions — costs in.*

Where cross-actions involving the same subject-matter had been both referred to the same referee, and but one trial had of both : *held*, that the prevailing party was entitled to an allowance for witnesses' fees in only one action.

APPEAL from an order of the special term ordering a re-taxation of costs, and allowing certain items disallowed by the clerk of Fulton county.

John Fitzgerald, Senior, executed and delivered to his children John, Jr., William and Ellen, a mortgage upon premises owned by him. Afterward, John, Jr., and William assigned their interest in such mortgage to Daniel Failing and John P. Swartwout, as collateral security for a debt then due. After such assignment a foreclosure action was commenced. This action was defended by Henry C. Sanders, one of the creditors of John Fitzgerald, Senior, who set up that said mortgage was in fraud of the rights of the creditors of said John Fitzgerald, Senior. Subsequent to the commencement of the foreclosure suit, Henry C. Sanders commenced an action in the nature of a creditor's suit to set aside the mortgage in question and two other mortgages, given by John Fitzgerald, Senior, to other persons. In this action the plaintiffs in the foreclosure suit were joined as defendants.

Both cases when at issue were referred to the same referee, and, as the same issues were involved in both, it was stipulated between the attorneys for the parties that the evidence taken in the foreclosure

action should be regarded and taken as evidence in the other action, that is, that there should be but one trial of both actions.

The actions were tried and the defense set up by Sanders in the foreclosure suit established, and costs and disbursements allowed. Among the items taxed in the bill of costs, was a large sum for witnesses' fees, referee's fees, etc. The referee found, also, in favor of Sanders, the plaintiff in the creditor's suit. Upon the entry of judgment therein, plaintiff sought to have the same items taxed in the bill of costs, but the clerk of Fulton county refused to allow them. An appeal was made from the decision of the clerk, and a motion for re-taxation made at the Fulton special term. The court at special term directed the costs to be re-taxed and these items to be added to the allowance made by the clerk: For trial fee, $40; for referee's fees, $125; for witnesses' fees, $365.78; for term fee, $10. From the order of the special term this appeal was taken.

*James M. Dudley*, for appellants.

*Earl & Smith*, for respondents.

Per CURIAM.

[The opinion of Mr. Justice BOCKES in the case of *Simpson, Adm'r, etc.*, v. *McKay*, decided at the Saratoga special term, in February, 1873, was adopted as controlling the decision in this case. The order of the special term was thereupon reversed as to witnesses' fees, and affirmed in other respects, without costs to either party.]

*Ordered accordingly.*

[The following is the case and opinion of Mr. Justice BOCKES, above referred to:]